## Publicker Estate

*Wolf, Block, Schorr & Solis-Cohen; McBride, von Moschzisker & Bradley; Dilworth, Paxson, Kalish & Green* and *Gawthrop & Gawthrop,* for contestants.

*Montgomery, McCracken, Walker & Rhoads* and *Griffith, Kurtz & Harvey,* for proponents.

MacElree, P. J., August 16, 1955.—The hearing on the above captioned appeal commenced Monday, May 9, 1955, and continued through Friday, May 13, 1955, at which time, by reason of the fact that no court room was available, the hearing, after considerable discussion and primarily for the convenience of contestants' counsel, was recessed until Monday, July 18, 1955.

In the interim, between those two dates, Lemuel B. Schofield, Esq., of counsel for contestants, died.

On Tuesday, July 5, 1955, following the death of Lemuel B. Schofield, counsel on behalf of contestants including present counsel orally requested that a further recess might be allowed in order to permit Thomas D. McBride, Esq., substituted counsel for contestants, to familiarize himself with the record, and it was agreed by all parties that the hearing would be resumed on Monday, October 3, 1955.

The rules of civil procedure became effective July 1, 1954, with respect to discovery.

From that date until the time of the commencement of the hearing in this matter no steps were taken to invoke these rules in this matter prior to the date set for hearing sur appeal from the decree of probate.

On Friday, August 5, 1955, notice of depositions was filed and duly served indicating the intention of contestants to take the depositions upon oral examination of the following named persons: Helen P. Neuman, Simon S. Neuman, J. Maurice Gray, Regina Hayes, Alice Hayes, Earl Jay Gratz, A. I. Rubenstone and Leo J. Gunson.

Subsequent thereto, on August 11th, a motion was filed by counsel for proponents requesting that the court order that said depositions should not be taken and that the notice of depositions should be vacated. On this motion, a hearing was fixed for August 15, 1955.

The motion set forth seven reasons in support thereof, all of which appear of record and are not here repeated.

The Pennsylvania Supreme Court Orphans' Court Rules, section 2, rule 1, provide that the rules adopted by the Supreme Court regulating the practice and procedure of the orphans' courts of this Commonwealth, and the rules adopted by such courts, shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest.

The Orphans' Court of Chester County, in pursuance of section 3, rule 6, of the Orphans' Court Rules of the Supreme Court has not exercised its power to prescribe any general rule relating to depositions, discovery and the production of documents.

The persons whose depositions it was proposed to take are eight in number: Helen P. Neuman, a proponent; Simon S. Neuman, a proponent; J. Maurice Gray, of counsel for decedent; Regina Hayes, a subscribing witness to decedent's codicils; Alice Hayes, whose relationship to this proceeding is unknown; Earl Jay Gratz, a subscribing witness to one of decedent's codicils and of counsel for decedent; A. I. Rubenstone, decedent's personal physician, and Leo J. Gunson, a subscribing witness to one of decedent's codicils and secretary of the Publicker Industries, Incorporated.

Assuming (for the purpose of disposing of the question herein involved) that the rules of civil procedure covering discovery are applicable in appeals from the register of wills pending in the orphans' court, which assumption is not free from doubt and as to which there seems to be no reported authority and which is

the court's first impression arrived at in view of the urgency of this situation; even considering section 2, rule 1, of the Supreme Court Orphans' Court Rules, in its broadest interpretation, the court is of opinion that during the enforced recess, at the instance of contestants in the hearing of this appeal, under all the facts that appear of record, and not here repeated, is not the appropriate time within which to invoke discovery by taking depositions of persons in court and a number of whom are the "court's witnesses".

Discovery, in the opinion of the court, where the right exists is a pretrial right.

This court is of opinion that oral examination at this stage of this proceeding should be in open court where ample opportunity has been and will be afforded contestants to make all pertinent inquiries and examinations.

To hold otherwise would, in the opinion of the court in this particular matter, violate rule 4011 of the Rules of Civil Procedure.